UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM LEE LEWIS                     ]
    Plaintiff,                    ]
                                  ]
v.                                    ]         No. 3:15-1489
                                  ]         Judge Campbell
DERRICK SCHOFIELD, COMMISSIONER ]
OF THE TENNESSEE DEPARTMENT OF  ]
CORRECTION                            ]
    Defendant.                    ]


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Derrick Schofield, Commissioner of the Tennessee Department of Correction, seeking injunctive relief and damages.

Apparently, the plaintiff is a convicted felon being housed in a county penal facility. The plaintiff believes that his rights have been violated because he has not been accorded access to all those programs and opportunities available to convicted felons being housed in state penal facilities.

The plaintiff can not sue the defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of

liability. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, the defendant has no control over what programs and opportunities are being provided to state convicts being housed in the Montgomery County Jail. At best, the plaintiff is seeking to impose liability upon the defendant because he is ultimately responsible for all state prisoners. There has been no showing, though, that the defendant is even aware of the plaintiff's situation. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendant for which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge


2